FILED

MAY 25 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONNIE ANGEL ALCALA, | No. 09-16211 |
| Petitioner - Appellant, | D.C. No. 1:08-cv-01676-DLB |
| v. | |
| HECTOR RIOS, Warden; et al., | MEMORANDUM* |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dennis L. Beck, Magistrate Judge, Presiding

Submitted May 9, 2011**
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY, District
Judge.***

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Algenon L. Marbley, United States District Judge for
the Southern District of Ohio, sitting by designation.

Because the parties are familiar with the factual and procedural history of this case, we do not recount additional facts except as necessary to explain the decision. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a). We affirm in part, reverse in part, and remand to allow Alcala to amend his complaint.

The district court correctly concluded that Alcala's claims are not cognizable under 28 U.S.C. § 2241 because they do not concern the fact or duration of his confinement. *See Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). Even giving Alcala's pro se complaint "the benefit of liberal construction," *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010), the petition challenges the conditions of confinement and therefore should have been brought as a civil rights action. *See Preiser*, 411 U.S. at 489; *see also* 42 U.S.C. § 1983; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 395–97 (1971).

The district court erred, however, in failing to grant Alcala leave to amend his complaint. "Leave to amend should be granted unless the pleading 'could not possibly be cured by the allegation of other facts,' and should be granted more liberally to pro se plaintiffs." *Ramirez v. Galaza*, 334 F.3d 850, 861 (9th Cir. 2003) (citation omitted). We therefore remand with instructions to allow leave to amend.

2

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party shall bear its own costs on appeal.